[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR JUDGMENT
General Statutes § 31-236 (a)(3)(C)(ii) provides in pertiment part:
 (a) An individual shall be ineligible for benefits . . . (3) during any week in which it is found by the administrator that his total or partial unemployment is due to the existence of a labor dispute other than a lockout at the factory, establishment or other premises at which he is or has been employed, provided the provisions of this subsection shall not apply if it is shown to the satisfaction of the administrator that . . . (C) his unemployment is due to the existence of a lockout. A lockout exists whether or not such action is to obtain for the employer more advantageous terms when . . . (ii) an employer makes an announcement that work will be available after the expiration of the existing contract only under terms and conditions which are less favorable to the employees than those current immediately prior to such announcement; provided in either event the recognized or certified bargaining agent shall have advised the employer that the employees with whom he is engaged in the labor dispute are ready, able and willing to continue working pending the negotiation of a new contract under the terms and conditions current immediately prior to such announcement. . . .
(Emphasis added.)
The dispute concerns the meaning of the phrase "those current immediately prior to such announcement." The employer claims that the arbitration, union security and check off provisions became CT Page 7946 ineffective by operation of law after the contract expired, and therefore, its announcement that work was available under the contract without these provisions was equivalent to an offer to continue work under the same terms and conditions "current immediately prior to" its announcement.
This phrase of the statute has consistently been interpreted as meaning the last mutually agreed upon terms between the union and the company. Sturtevant v. Tectonic Industries, Board Case No. 1860-83-BR (10/6/83), p. 2 (terms "current immediately prior to the announcement," are "those conditions that existed in the last, expired contract between the union and the company"); Simons v. Colt Industries, Inc., Board Case No. 1335-87-BR (12/1/87), pp. 19-20 (last mutually accepted terms and conditions of employment). See also Yankee GasServices Co. v. Administrator, Superior Court, judicial district of New Haven at New Haven, Docket No. 379069 (August 1, 1996, Booth, J.) ("The precise terms of the Connecticut statute requires a comparison of the expired contract to the employer's offer since the statute provides that a lockout occurs if the employer offers work to employees under terms less favorable than the existing contract.")[1] Accordingly, even if the employer is right that those provisions were not effective by operation of law after the contract expired, and thus cannot be characterized as unilaterally imposed, the language of YankeeGas emphasizes that the comparison is to be made between the terms offered by the employer and those existing in the last agreement between the parties. If the terms offered are less favorable, the employees are not required to accept them.
Whether the terms are less favorable is a question of fact. The board of review found that the offer without the arbitration clause was a less favorable offer.
The defendant's motion for judgment is granted.
Hale, J.